[Cite as *State v. Paxson*, 2012-Ohio-4707.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellant

-vs-

TERRIAN PAXSON

     Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case Nos. 12 CA 22 and 12 CA 23

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case Nos. 11 CRB 1037 and 11 CRB 1038 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 9, 2012 |


APPEARANCES:

For Plaintiff-Appellant

JONATHAN C. DIERNBACH
ASSISTANT LAW DIRECTOR
35 South Park Place, Suite 35
Newark, Ohio  43055

For Defendant-Appellee

W. EVAN PRICE II
JAMES E. ARNOLD & ASSOCIATES
115 West Main Street, Suite 400
Columbus, Ohio  43215-5099

*Wise, J.*

{¶1} Plaintiff-Appellant State of Ohio appeals the decision of the Licking County Municipal Court dismissing the charges against Appellee Terrian Paxson for six counts of complicity to commit skill-based games prohibited conduct.

STATEMENT OF THE CASE AND FACTS

{¶2} Defendant-Appellee was charged in two cases with an aggregate of six (6) counts of complicity to commit skill-based games prohibited conduct.

{¶3} On July 21, 2011, Defendant- Appellee filed a Motion to Dismiss. The limited issue presented by Defendant-Appellee's motion was whether or not the credits won by players on the machines at issue are a "non-cash" prize as contemplated by R.C. 2915.06(A).

{¶4} A Stipulation of Facts in relation to the Motion to Dismiss was filed on July 18, 2011, which stated:

{¶5} "For purposes of Defendant Terrian Paxson's Motion to Dismiss the charges filed in the above-captioned matter, Plaintiff State of Ohio and Defendant Terrian Paxson hereby stipulate to the following facts:

{¶6} "1. Ms. Paxson was the owner and sole proprietor of skill game parlors named "Chances R" located at 369 W. Main Street, Newark, Ohio and "Lucky's" located at 305 Deo Drive, Newark, Ohio from December 20, 2010 through January 7, 2011.

{¶7} "2. At approximately 12:15 pm on Monday, December 20, 2010, Investigators Bonace and Duduit from the Ohio Attorney General's Office entered Lucky's.

**{¶8}** "3. Investigator Duduit began to play a game named "Magic Bomb" on machine #16. Investigator Duduit put $20,00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $25.00 and he decided to cash out/redeem his winnings

**{¶9}** "4. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $25.00 cash.

**{¶10}** "5. Investigators Duduit and Bonace then left Lucky's at approximately 12:30 p.m.

**{¶11}** "6. At approximately 12:45 p.m. on Monday, December 20, 2010, Investigators Bonace and Duduit entered Chances R.

**{¶12}** "7. Investigator Duduit began play on machine # 9. Investigator Duduit put $20.00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $25.00 and he decided to cash out/redeem his winnings.

**{¶13}** "8. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $25.00 cash.

**{¶14}** "9. During this same time frame, Investigator Bonace began play on machine # 1. Investigator Bonace put $20.00 in the machine and after winning and losing various amounts her total was $24.75 and she elected to redeem her credits.

**{¶15}** "10. The clerk verified the total on a receipt that printed out behind the counter and paid Investigator Bonace $20.00 in cash but the remaining $4.75 was not paid because Chances R only paid in $5.00 increments. Investigator Bonace resumed

play and after a few more minutes of play increased her total to $7.00. Investigator Bonace then redeemed and was given another $5.00 in cash.

{¶16} "11. Investigators Duduit and Bonace then left Chances R at approximately 1:00 p.m.

{¶17} "12. At approximately 12:00 p.m. on Wednesday, December 22, 2010, Investigators Bonace and Duduit entered Lucky's.

{¶18} "13. Investigator Duduit began to play a game named "Magic Bomb" on Machine #16. Investigator Duduit put $20.00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $50.00 and he decided to cash out/redeem his winnings.

{¶19} "14. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $50.00 cash.

{¶20} "15. Investigators Duduit and Bonace then left Lucky's at approximately 12:30 p.m.

{¶21} "16. At approximately 1:00 pm on Wednesday, December 22, 2010, Investigators Bonace and Duduit entered Chances R.

{¶22} "17. Investigator Duduit began play on a game· named "Triple Jacks". Investigator Duduit put $20.00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $25.00 and he decided to cash out/redeem his winnings.

**{¶23}** "18. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $25.00 cash.

**{¶24}** "19. During this same time frame, Investigator Bonace began play on machine #31. Investigator Bonace put $20.00 in the machine and after winning and losing various amounts she raised her total to $50.00. Investigator Bonace then redeemed and was then paid $50.00 in cash after the clerk verified her total on a receipt that printed out behind the counter.

**{¶25}** "20. Investigators Duduit and Bonace then left Chances R at approximately 1:15 p.m.

**{¶26}** "21. At approximately 11:15 a.m. on Thursday, January 6, 2011, Investigators Bonace and Duduit entered Lucky's.

**{¶27}** "22. Investigator Duduit began to play a game named "Magic Bomb" on machine #16. Investigator Duduit put $20.00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $30.00 and he decided to cash out/redeem his winnings.

**{¶28}** "23. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $30.00 cash.

**{¶29}** "24. During this same time frame, Investigator Bonace began to play a game named "Jack and the Beanstalk" on machine #38. Investigator Bonace put $10.00 in the machine and after winning and losing various amounts she raised her total to

$100.00. Investigator Bonace then redeemed and was then paid $100.00 in cash after the clerk verified her total on a receipt that printed out behind the counter.

**{¶30}** "25. Investigators Duduit and Bonace then left Lucky's at approximately 12:45 p.m.

**{¶31}** 26. At approximately 1:00 pm on Thursday, January 6, 2011, Investigators Bonace and Duduit entered Chances R.

**{¶32}** "27. Investigator Duduit began to play a game named "Triple Jacks" on machine #28. Investigator Duduit put $20.00 in the machine and after winning and losing various amounts for approximately 15 minutes his total was $25.00 and he decided to cash out/redeem his winnings.

**{¶33}** "28. Investigator Duduit notified the clerk who verified his total on a receipt that printed out behind the counter and proceeded to provide Investigator Duduit with $25.00 cash.

**{¶34}** "29. Investigators Duduit and Bonace then left Chances R at approximately 1:15 p.m.

**{¶35}** "30. Ms. Paxson was complicit in the cash payments made to Investigators Bonace and Duduit on December 20, 2010, December 22, 2010 and January 6, 2011."

**{¶36}** An oral hearing was conducted on August 18, 2011.

**{¶37}** By Judgment Entry filed March 5, 2012, the court granted Defendant's Motion to Dismiss, finding that the receipts being exchanged for cash in these cases were not non-cash prizes, toys or novelties as prohibited by R.C. §2915.06 and R.C. §2915.01.

**{¶38}** Appellant now appeals, assigning the following errors for review:

ASSIGNMENT OF ERROR

**{¶39}** "I.    THE TRIAL COURT COMMITTED ERROR BY DISMISSING THE CASES AGAINST DEFENDANT-APPELLEE."

I.

**{¶40}** In its sole Assignment of Error, the State argues that the trial court erred in dismissing the cases against Defendant-Appellee.  We disagree.

**{¶41}** The then current version of Revised Code §2915.06 <u>Skill-based amusement machine prohibited conduct</u> provided:

**{¶42}** "(A)  No person shall give to another person any item described in division (BBB)(1), (2), (3), or (4) of section 2915.01 of the Revised Code in exchange for a noncash prize, toy, or novelty received as a reward for playing or operating a skill-based amusement machine or for a free or reduced-price game won on a skill-based amusement machine.

**{¶43}** A "merchandise prize is defined in R.C. §2915.01(BBB) as:

**{¶44}**  "… any item of value, but shall not include any of the following:

**{¶45}** "(1) Cash, gift cards, or any equivalent thereof;

**{¶46}** "(2) Plays on games of chance, state lottery tickets, bingo, or instant bingo;

**{¶47}** "(3) Firearms, tobacco, or alcoholic beverages; or

**{¶48}** "(4) A redeemable voucher that is redeemable for any of the items listed in division (BBB)(1), (2), or (3) of this section."

**{¶49}** As set forth above, after reviewing the above statutes and the stipulations of the parties, the trial court found that the receipt generated behind the counter, which was then exchanged for cash, did not fall within the definitions of "noncash prize, toy, or novelty received as a reward for playing…"

**{¶50}** We will begin our review with the charges in these cases which cite Appellant with violations of prohibited conduct of skill-based amusement machine in violation of R.C. §2915.06.

**{¶51}** A "skill-based amusement machine" is defined in R.C. §2915.01(AAA) as follows:

**{¶52}** "(1) * * *[A] mechanical, video, digital, or electronic device that rewards the player or players, if at all, only with merchandise prizes or with redeemable vouchers redeemable only for merchandise prizes, provided that with respect to rewards for playing the game all of the following apply:

**{¶53}** "(a) The wholesale value of a merchandise prize awarded as a result of the single play of a machine does not exceed ten dollars;

**{¶54}** "(b) Redeemable vouchers awarded for any single play of a machine are not redeemable for a merchandise prize with a wholesale value of more than ten dollars;

**{¶55}** "(c) Redeemable vouchers are not redeemable for a merchandise prize that has a wholesale value of more than ten dollars times the fewest number of single plays necessary to accrue the redeemable vouchers required to obtain that prize; and

**{¶56}** "(d) Any redeemable vouchers or merchandise prizes are distributed at the site of the skill-based amusement machine at the time of play.

**{¶57}** "(2) A device shall not be considered a skill-based amusement machine and shall be considered a slot machine if it pays cash or one or more of the following apply:

**{¶58}** "(a) The ability of a player to succeed at the game is impacted by the number or ratio of prior wins to prior losses of players playing the game.

**{¶59}** "(b) Any reward of redeemable vouchers is not based solely on the player achieving the object of the game or the player's score;

**{¶60}** "(c) The outcome of the game, or the value of the redeemable voucher or merchandise prize awarded for winning the game, can be controlled by a source other than any player playing the game.

**{¶61}** "(d) The success of any player is or may be determined by a chance event that cannot be altered by player actions.

**{¶62}** "(e) The ability of any player to succeed at the game is determined by game features not visible or known to the player.

**{¶63}** "(f) The ability of the player to succeed at the game is impacted by the exercise of a skill that no reasonable player could exercise."

**{¶64}** While the trial court herein found that issue in this matter to be whether or not the receipt issued is a "noncash prize, toy, or novelty", we instead find the issue is whether the record demonstrates that the game machines in these cases are skilled-based amusement machines or are instead "slot-machines".

**{¶65}** No evidence was established in this matter that the subject games were a skilled-based amusement machines. Generally, proof is established via expert testimony or a prior court judgment recognizing such machines as a skill-based

amusement machine. See *State v. Rocco*, Stark App. No. 2011CA00071, 2011-Ohio-4978.

**{¶66}** Upon review, we find that the testimony and evidence in this matter established the game machine's redeemable ticket paid out cash like a "slot machine."

**{¶67}** The machines were therefore not skill-based amusement machines because the redeemable vouchers issued were redeemable for cash.

**{¶68}** We therefore find that Appellee herein was incorrectly charged and that evidence was insufficient to establish a violation of R.C. §2915.06.

**{¶69}** This judgment of the Municipal Court of Licking County, Ohio, is therefore affirmed, albeit on different grounds from those relied on by the trial court.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.

_____

_____

_____

                                        JUDGES

JWW/d 0904

*Hoffman, P.J. concurring*

**{¶70}** I concur in the majority's disposition of the State of Ohio's appeal, but do so for a reason different than that proffered by the majority.[1]

**{¶71}** I would affirm the trial court's decision for the same reason it dismissed the charges; i.e., the cash the State's agents were given was not received in exchange for a "noncash prize, toy, or other novelty received as a reward for playing or operating a skill-based amusement machine…"  R.C. 2915.06(A).

_____
HON. WILLIAM B. HOFFMAN

---

[1] The majority's determination the machine in question is not a skill-based amusement machine but more like a "slot machine" involves an issue neither raised nor addressed in the parties' briefs to this Court.

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellant                    :
                                               :
-vs-                                           :                   JUDGMENT ENTRY
                                               :
TERRIAN PAXSON                                 :
                                               :
    Defendant-Appellee                     :            Case Nos. 12 CA 22 & 12 CA 23


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court, Licking County, Ohio, is affirmed.

      Costs assessed to Appellant.


                                       _____


                                       _____


                                       _____

                                                  JUDGES